IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

LOUIS EUGENE MAUL, *et al.*,

Plaintiffs,

v. Civil Action No. 2:25-cv-144

JOSEPH B. EDLOW, *et al.*,

Defendants.

**DISMISSAL ORDER**

Louis Eugene Maul ("Louis") and Marites Frias Maul ("Marites") (collectively, "Plaintiffs"), appearing *pro se*, filed this action against (i) Joseph B. Edlow, the Director of U.S. Citizenship and Immigration Services ("USCIS"); and (ii) Frank C. Reffel ("Reffel") (collectively, "Defendants"). Compl., Dkt. No. 1; Suppl. Compl., Dkt. Nos. 3, 5, 6. This matter is before the Court on Defendants' Motion to Dismiss. Mot. Dismiss, Dkt. No. 29. For the reasons set forth below, Defendants' Motion to Dismiss, Dkt. No. 29, is GRANTED, and this civil action is DISMISSED WITHOUT PREJUDICE.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Louis, a United States citizen, was engaged to Marites, a citizen of the Philippines. Suppl. Compl. at 6, Dkt. No. 5. Marites travelled to the United States on August 13, 2022, on a K-1 visa, also known as a fiancé visa. *Id.* at 6; *see* USCIS website, https://www.uscis.gov/family/family-of-us-citizens/visas-for-fiancees-of-us-citizens (discussing the details of a K-1 fiancé visa) (last visited Jan. 23, 2026). Louis and Marites were married shortly after Marites travelled to the United States, and Marites subsequently filed a Form I-485, Application to Register Permanent Residence or Adjust Status ("I-485 Application") with the USCIS. Compl. at 6; Decision at 1, Dkt. No. 3-1.

On June 6, 2023, Reffel, a Director of the USCIS Norfolk Field Office, sent Marites a Request for Evidence in connection with her I-485 Application. Req. Evidence at 1–3, Dkt. No. 3-2; Compl. at 6. In the Request for Evidence, Reffel indicated that Marites' "file lack[ed] proof that a medical examination was completed prior to [Marites'] entry into the United States." Req. Evidence at 1. Reffel asked Marites to submit a copy of her medical examination, or submit a new medical examination, by September 1, 2023. *Id.* at 1–2. The Request for Evidence specifically stated: "You must submit all of the requested documents at one time. If you submit only part of the evidence, we will make a decision based on the evidence that you submit." *Id.* at 2.

Plaintiffs state that Marites did obtain a medical examination prior to entering the United States; however, neither Louis nor Marites had a copy of the medical examination to provide Reffel in response to the Request for Evidence. Compl. at 6. Plaintiffs further state that the USCIS should have already had a copy of Marites' medical examination in their records. *Id.*

Plaintiffs filed a response to the Request for Evidence; however, their response did not include a copy of Marites' medical examination or proof that a new medical examination was completed. Decision at 2. Therefore, in a Decision dated July 5, 2023, the USCIS denied Marites' I-485 Application. *Id.* at 1–3. In the Decision, the USCIS stated: "[I]f you believe that the denial of your Form I-485 is in error, you may file a motion to reopen or a motion to reconsider using Form I-290B, Notice of Appeal or Motion." *Id.* at 2.

Plaintiffs claim that the USCIS ultimately received a copy of Marites' medical examination on July 21, 2023; however, by that time, the USCIS had already denied Marites' I-485 Application. Compl. at 6; Suppl. Compl. at 1, Dkt. No. 6. Plaintiffs filed the instant action,[1] in which they ask

---

[1] Plaintiffs filed this action in the United States District Court for the District of Maryland, and the case was subsequently transferred to this Court on March 11, 2025. Mem. Op. & Order, Dkt. No. 27.

the Court to (i) declare that Marites' I-485 Application should have been granted; (ii) order that Marites' I-485 Application be granted; and (iii) issue a writ of mandamus to assure that Marites' I-485 Application is granted. Compl. at 8. Plaintiffs also ask the Court to retain jurisdiction over this action until Marites' I-485 Application is granted, award them fees and costs, and require the USCIS to issue a written apology to Marites. *Id.*

Defendants filed a Motion to Dismiss, and the Court notified Plaintiffs of their right to file a response within 21 days. Mot. Dismiss, Dkt. No. 29; Notice, Dkt. No. 31. Plaintiffs filed a timely Opposition to the Motion to Dismiss, and Defendants filed a timely Reply. Opp'n, Dkt. No. 32; Reply, Dkt. No. 33. On December 12, 2025, Plaintiffs filed another submission ("Submission") with the Court. Submission, Dkt. No. 35. In deference to Plaintiffs' *pro se* status, the Court has considered Plaintiffs' Submission in its analysis of Defendants' Motion to Dismiss.

## II. LEGAL STANDARD

Defendants ask the Court to dismiss this action pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Mot. Dismiss at 1. Dismissal is warranted under Rule 12(b)(1) for any claims over which the Court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Plaintiffs bear the burden of proving that subject matter jurisdiction exists by a preponderance of the evidence. *United States ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 347–48 (4th Cir. 2009).

## III. DISCUSSION

As summarized above, Plaintiffs seek to challenge the USCIS's denial of Marites' I-485 Application, i.e., her Application to Register Permanent Residence or Adjust Status. Compl. at 1–11. Section 245 of the Immigration and Nationality Act ("INA") "sets forth the prerequisites necessary for an applicant to adjust his or her immigration status." *Erdem v. United States*, No.

1:20-cv-506, 2020 U.S. Dist. LEXIS 261488, at *6 (E.D. Va. Aug. 24, 2020) (citing 8 U.S.C. § 1255). The relevant statute provides:

> The status of an alien . . . may be adjusted by the Attorney General, in his [or her] discretion and under such regulations as he [or she] may prescribe, to that of an alien lawfully admitted for permanent residence if (1) the alien makes an application for such adjustment, (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and (3) an immigrant visa is immediately available to him [or her] at the time his [or her] application is filed.

8 U.S.C. § 1255(a).

However, as the United States Court of Appeals for the Fourth Circuit has explained, "[t]he INA specifically closes the door to judicial review of certain discretionary agency decisions, including the denial of an application for adjustment of status." *Lee v. U.S. Citizenship & Immigr. Servs.*, 592 F.3d 612, 619 (4th Cir. 2010). For example, 8 U.S.C. § 1252(a)(2)(B) directly states, in relevant part:

> Notwithstanding any other provision of law (statutory or nonstatutory), . . . *no court shall have jurisdiction to review—*
>
> (i) any judgment regarding the granting of relief under section . . . 1255 of this title, or
>
> (ii) any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security, other than the granting of relief under section 1158(a) of this title.

8 U.S.C. § 1252(a)(2)(B) (emphasis added). Based on the specific language of 8 U.S.C. § 1252(a)(2)(B), Defendants argue that this Court lacks jurisdiction over this action. Mem. Supp. Mot. Dismiss at 2, 6–10, Dkt. No. 30.

Defendants' argument comports with the law. "As courts have recognized, . . . [8 U.S.C. § 1252(a)(B)] is refreshingly free from ambiguity and its terms are pellucidly clear." *Safadi v. Howard*, 466 F. Supp. 2d 696, 698 (E.D. Va. 2006); *see Lee*, 592 F.3d at 619 ("Congress expressly

included decisions to deny relief under § 1255 within this jurisdiction-limiting provision; therefore, the denial of an application for adjustment of status . . . is not amenable to judicial review"); *see also Erdem*, 2020 U.S. Dist. LEXIS 261488, at *8–9 ("courts, including those in the Fourth Circuit, have routinely declined to review challenges to USCIS's decision to deny an individual's adjustment of status application, filed under 8 U.S.C. § 1255"); *Ayanbadejo v. Chertoff*, 517 F.3d 273, 277 (5th Cir. 2008) ("The law makes clear that . . . the district court lack[s] jurisdiction over determinations made with respect to an I-485 application for permanent resident status under § 1255"). Therefore, based on the clear language of 8 U.S.C. § 1252(a)(2)(B), as well as the governing case law, the Court finds that it cannot exercise subject matter jurisdiction over this action.[2] Accordingly, Defendants' Motion to Dismiss, Dkt. No. 29, is GRANTED, and this civil action is DISMISSED WITHOUT PREJUDICE.

## IV. CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss, Dkt. No. 29, is GRANTED, and this civil action is DISMISSED WITHOUT PREJUDICE.

Plaintiffs may appeal from this Dismissal Order by forwarding a written notice of appeal to the Clerk of the United States District Court, Norfolk Division, 600 Granby Street, Norfolk, Virginia 23510. The written notice must be received by the Clerk within 60 days of the date of entry of this Dismissal Order. If Plaintiffs wish to proceed *in forma pauperis* on appeal, the

---

[2] The Court notes that Plaintiffs' Complaint also contains references to the Privacy Act of 1974, the Civil Rights Act of 1964, the Mandamus Act, and the Declaratory Judgment Act. Suppl. Compl. at 4, Dkt. No. 5. Despite these references, it is clear that the purpose of this action is to challenge the denial of Marites' I-485 Application, and this Court lacks jurisdiction to review such a challenge. *Id.* at 8 (summarizing the relief sought in this action); *see Dahman v. Dep't Homeland Sec.*, No. 1:20-cv-858, 2020 WL 9455204, at *2 (E.D. Va. Sept. 16, 2020) (stating that "the Fourth Circuit has made clear that, however characterized, if the challenge, in substance, is to a decision pertaining to an adjustment in status, as reflected in the relief sought, a district court does not have jurisdiction to review it").

application to proceed *in forma pauperis* shall be submitted to the Clerk of the United States District Court, Norfolk Division, 600 Granby Street, Norfolk, Virginia 23510.

The Clerk is DIRECTED to docket this Dismissal Order in the Court's electronic filing system and to send a copy of the Dismissal Order to Plaintiffs via United States Mail.

It is SO ORDERED.

/s/

Elizabeth W. Hanes
United States District Judge

Norfolk, Virginia
Date: January 28, 2026